(No. 89-CC-0614—■■■■■■■)

KELLY RICHARDSON *et al.*, Claimants, *v.*
THE STATE OF ILLINOIS, Respondent.

*Opinion filed February 23, 1999.*

MONROE D. MCWARD, for Claimants.

JIM RYAN, Attorney General (MICHAEL A. WULF, Assistant Attorney General, of counsel), for Respondent.

OPINION

RAUCCI, C.J.

This cause coming on to be heard on the Commissioner's recommendation, the Court being fully advised in the premises, the Court finds:

The minor Claimants were with their parents on June 3, 1987, visiting the Sangchris State Park located in Christian County, Illinois, which was operated by the Respondent's Department of Conservation (now part of the Department of Natural Resources). The Claimants on that date were nine, seven and five years of age. Their

grandparents were campground hosts at the park and invited another campground host, known as Robert F. Moran, to join all of them for dinner. With their parents' permission, Moran later gave motorcycle rides to the Claimants. Moran sexually molested them, and was subsequently convicted of these offenses.

This claim alleges that the Respondent was negligent in hiring and supervising Moran. The evidence established that Moran, using a false name, in 1987 presented himself at the park, camped and made contact with the park superintendent. Moran sought to be a campground host who would greet campers and collect money from them. Camping fees are waived for campground hosts.

He was first placed to work as a campground technician whose duties included cleaning rest rooms and camp stoves, picking up litter and tasks of that nature. Neither technicians nor hosts are considered State of Illinois employees.

After working as a campground technician for a month and one-half, Moran became a campground host. As part of his application procedures, Moran replied negatively when asked whether he had any prior felony convictions. The park superintendent had previously seen his driver's license and registration information which indicated that his name was Robert F. Moran.

After the offenses were committed, it was discovered that Moran's real name was Robert F. Reidelberger and that under that name he had been convicted in 1963 in Macon County, Illinois, of indecent liberties with a child. He had been sentenced to a term of one to 20 years for the offense, and had been released prior to 1987.

Stephen Carey, the park superintendent, testified that in 1987 he had no ability to do background checks on

volunteers. Further, the record establishes that in 1987 computerized fingerprint technology was not available to the Respondent and fingerprint checks had to be done by hand, a time consuming process that was not available for background checks.

It was established that the name Robert F. Moran was checked through the State criminal identification system known as LEADS, and that there were no findings of any criminal convictions under that name.

In *Wells v. State* (1986), 38 Ill. Ct. Cl. 142, a wrongful death case, we considered the standards for determining whether or not the State has the duty to control criminal conduct in order to prevent harm to third persons. As a general rule, a duty exists to control criminal conduct only where a special relationship exists. Examples of special relationships are (1) carrier to passenger; (2) innkeeper to guest; (3) landowner to business invitee; and (4) a person having custody of a victim under the circumstances which deprive the victim of the normal opportunities for protection. Moreover, the question also exists as to whether the criminal conduct is reasonably foreseeable. *Wells*, 38 Ill. Ct. Cl. at 146.

We find that this claim must be denied because (1) Moran (Reidelberger) was placed in proximity to the minor Claimants not by Respondent, but by their family who invited him to dinner; (2) while it might be argued that the public camp owner to invitee relationship is equal to the innkeeper to business invitee relationship, under conditions in existence in 1987 the criminal identification (and driver's record examination) checks were appropriate; and (3) a 25-year-old conviction, even if known, is too remote to impose liability.

We note that Claimants' evidence does not establish that the damages claimed arose from the incidents in

question. Claimants admitted that prior to the incidents in question they had been sexually molested by a grandfather who continued to reside next to them and that other traumatic events had occurred within their lives. Any of these incidents could have caused the psychological problems that are alleged to have arisen solely from the facts of this case. No expert testimony was offered.

The claim is denied.

It is therefore ordered, adjudged and decreed that this claim is dismissed and forever barred.